IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM L. FOWLER, | No. 2:15-CV-0919-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| FRED FOULK, et al., | |
| Defendants. | |
| _____/ | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's complaint (Doc. 1) and plaintiff's response (Doc. 10) to the court's May 22, 2015, order to show cause.

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover,

the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

In the order to show cause, the court stated:

> Plaintiff names the following as defendants: (1) Fred Foulk, the prison warden; (2) Suzanne Peery, the assistant prison warden; and (3) Bland, a correctional counselor. Plaintiff alleges that defendants are responsible for injuries he sustained when he was attacked by two inmates on October 10, 2014. According to plaintiff, defendants are liable because they knew plaintiff had been attempting "to go to a lower level prison" due to his placement scores.
> The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

/ / /

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk. See Farmer, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See Farmer, 511 U.S. at 844. The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted. See Farmer, 511 U.S. at 844.

Here, plaintiff does not allege any facts which even suggest that defendants actually knew of any substantial risk to plaintiff's safety. In his response, plaintiff states that he informed defendant Bland "about a safety issue that I was concerned about" with respect to his cellmate, who is a "Level 4" inmate. Specifically, according to plaintiff, he told defendant Bland that he "didn't feel safe being inside the cell with an inmate that was a Level 4 while I was a Level 2." Plaintiff adds that he was "having problems" with his cellmate.

The court finds that these additional allegations do not cure the defects identified in the order to show cause. Though plaintiff states that he was having unspecified problems with his cellmate, who had a higher security classification, these allegations do not indicate anything more than a suspicion of danger. Not all high security inmates pose a substantial risk of serious harm to their cellmates. If the court were to accept plaintiff's theory, then no inmate could ever be housed with an inmate with a high security classification. Because it does not appear possible that the deficiencies identified herein and in the court's prior order can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim; and

2. The Clerk of the Court is directed to enter judgment and close this file.

DATED: July 2, 2015

                                                _____
                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE